STATE OF NORTH CAROLINA v. J. C. ROBINSON

No. 7327SC820

(Filed 19 December 1973)

Criminal Law § 91— denial of continuance to obtain witnesses

The trial court did not abuse its discretion in the denial of defendant's motion for a continuance to obtain witnesses where defendant's attorney informed the court that he did not know the names of the witnesses, their whereabouts or the substance of their testimony.

APPEAL by defendant from *Martin (Robert M.), Special Judge,* at the 13 August 1973 Criminal Session, CLEVELAND County Superior Court.

The defendant was tried on a bill of indictment, proper in form, charging a felonious escape from the North Carolina Department of Corrections, Subsidiary Unit No. 4635, located in Cleveland County, North Carolina, where the defendant had been serving a sentence for a previous felony.

*Attorney General Robert Morgan by Special Counsel Ralph Moody for the State.*

*Hamrick & Hobbs by L. L. Hobbs for defendant appellant.*

CAMPBELL, Judge.

The evidence on behalf of the State discloses that on Sunday, 15 July 1973, the defendant was serving a sentence in the North Carolina Department of Corrections, Subsidiary Unit No. 4635, located in Cleveland County. The sentence was from five to ten years imposed at the 27 October 1971 Session of the Superior Court of Guilford County for the felony of conspiracy to commit false pretense. About 2:30 p.m., during visiting hours, the defendant escaped and was later apprehended about 10:00 p.m. the same day at a point some two miles away.

On 25 July 1973, counsel was appointed for the defendant and conferred with the defendant. It was determined that the defendant would submit a plea of guilty to the charge. The case was calendared for trial on 21 August 1973, and some 10 or 15 minutes before the case was called for trial, the defendant advised his counsel that he desired to have the case continued to be heard before another judge. In order to accomplish this, the defendant told his attorney that he would enter a plea of not guilty and that he would seek a continuance on the ground that he desired some witnesses whose names he did not know and whose whereabouts he did not know, and neither was he able to inform his attorney as to what testimony he would elicit from them. The attorney did request a continuance, and frankly advised the court that he did not know the names of the witnesses or their whereabouts or the substance of their testimony. The motion for a continuance was denied. The granting of a continuance was within the discretion of the trial judge, and no abuse of that discretion appears in this record.

The appeal presents the face of the record for review. We have reviewed the record, and we find

No error.

Judges HEDRICK and BALEY concur.